UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Granting Plaintiff's Motion to Remand**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS the Plaintiff's Motion to to Remand and rules in accordance with the tentative ruling as follows:**

Plaintiff Dominik Garcia ("Garcia") filed a motion to remand this action to Orange County Superior Court. (Mot., Docket No. 14.) Defendant Statewide Traffic Safety and Signs, Inc. ("Statewide") filed an opposition. (Opp'n, Docket No. 17.) Garcia filed a reply. (Reply, Docket No. 20.)

For the following reasons, the Court **grants** Garcia's motion to remand.

## I. BACKGROUND

Garcia worked for Statewide from approximately August 11, 2015 until August 23, 2017, during which time he was a member of Laborers' International Union of North America, Local #220, affiliated with the Southern District Counsel of Laborers Union. (Tschudy Decl. ¶¶2-3, Ex. A, Ex. B.) A collective bargaining agreement ("CBA") was in effect for the duration of Garcia's employment with Statewide. (Id. ¶ 4, Ex. C.) The CBA includes the following provision related to meal periods:

> Employees shall not work more than five (5) consecutive hours
> without a one-half (1/2) hour meal period. When employees work
> over five (5) hours without being provided with a one-half (1/2)
> hour meal period, they shall receive one-half (1/2) hour pay at the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01668 JVS (JDEx)                    Date   November 26, 2018

Title   <u>Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al.</u>,

   double time (2x) rate, in addition to their normal straight time shift period of eight (8) hours. When an employee is required to work more than three (3) hours after his regular shift, he will be entitled to a one-half (1/2) hour meal period at the end of the three(3) hours without loss of pay and an additional one-half (1/2) hour each five (5) hours thereafter, without loss of pay. In the event an employee is required to work through an overtime meal period, then the employee shall receive pay for an additional one-half (1/2) hour at the double time (2x) rate. Meal periods may be staggered to meet job requirements.

(Tschudy Decl., Ex. C at 33-34.)

  On August 13, 2018, Garcia filed a complaint a proposed class action Complaint against Statewide in Orange County Superior Court. (Removal, Docket No. 1.) On September 14, 2018, Statewide removed the state court action to this Court based on federal question jurisdiction due to preemption of some of Garcia's claims by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

  On October 17, 2018, Garcia filed a First Amended Complaint ("FAC") that added a new claim seeking penalties under the California Private Attorneys General Act, Cal. Labor Code § 2699, et seq. ("PAGA"), for the California Labor Code violations alleged in the FAC. (FAC, Docket No. 12 ¶¶ 62-63.) Garcia alleges that Statewide failed to pay employees minimum wages for pre-shift and post-shift hours, off-the clock work, and time spent traveling to the job site. (<u>Id.</u> ¶ 6.) On October 26, 2018, Garcia filed this motion for remand.

## II. LEGAL STANDARD

  Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01668 JVS (JDEx)                      Date  November 26, 2018

Title     Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al.,

court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

### III. DISCUSSION

Statewide removed this action to federal court based on federal question jurisdiction. (Docket No. 1 at 2.) Statewide argues that Garcia's claims are preempted by the LMRA because the FAC includes allegations related to working during meal periods, and the CBA includes a section relating to meal periods. (Opp'n, Docket No. 17 at 3.) Garcia maintains that his claims are not preempted because his Complaint does not allege any CBA violations. (Mot., Docket No. 14 at 5.)

    A.    The Complete Preemption Doctrine

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). However, pursuant to the "complete preemption" doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). The complete preemption doctrine is "a narrow exception" to the well-pleaded complaint rule and only applies in "a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993). "The complete preemption doctrine is sometimes implicated in cases raising claims preempted by § 301 of the LMRA." Castillo v. Long Beach Mem'l Med. Ctr., 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citations omitted).

    B.    LMRA § 301(a) Preemption

Section 301(a) of the LMRA gives federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a); see also Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Tr. for S.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., | | |

Cal., 463 U.S. 1, 23 (1983). Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988).

Courts have applied the preemptive effect of § 301 beyond suits alleging the violation of a collective bargaining agreement in order to further the goal of uniform interpretation of labor contracts. See, e.g, Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 210–11 (1985). Therefore, courts find that a state law claim is preempted if it is so "inextricably intertwined" with the terms of a labor contract that its resolution will require judicial interpretation of those terms. Id. at 213 (finding that § 301 preempted a claim for breach of the duty of good faith and fair dealing because the court needed to assess "good faith" and "fair dealing" in relation to the contractual obligations).

However, § 301 does not preempt a claim that seeks to vindicate "nonnegotiable state-law rights . . . independent of any right established by contract . . . ." Id. Thus, if a contract cannot waive or alter a state law, and if the rights the state law creates can be enforced without considering the contract's terms, § 301 does not preempt the claim. See Miller v. AT & T Network Systems, 850 F.2d 543, 546 (9th Cir. 1988). "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc), cert. denied, 534 U.S. 1078 (2002).

In addition, a defendant cannot invoke preemption by only alleging a "hypothetical connection between the claim and the terms of the CBA," or a "creative linkage" between the subject matter of the suit and the wording of the CBA. Id. at 691–92. To prevail, "the proffered interpretation argument must reach a reasonable level of credibility." Id. at 692. A preemption argument is not credible "simply because the court may have to consult the CBA to evaluate [a plaintiff's claim]; [similarly,] 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)).

In Cramer, the Ninth Circuit clarified the scope of the LMRA's preemptive effect:

> To the extent our prior cases held or implied that preemption was

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., | | |

> proper because of the mere possibility that the subject matter of the claim was a proper subject of the collective bargaining process, whether or not specifically discussed in the CBA, we today hold such statements to be an incorrect articulation of § 301 preemption principles. A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.

Id. at 693; see also Humble v. Boeing Co., 305 F.3d 1004, 1007–08 (9th Cir. 2002) (stating that Cramer "revised [the] framework for analyzing § 301 preemption and synthesized the considerations involved").

To determine whether a cause of action is preempted by the LMRA, courts use a two-part test established by the Ninth Circuit. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and . . . analysis ends . . . ." However, if "the right exists independently of the CBA, [a court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." Id. at 1059–60 (internal quotations and citations omitted).

Statewide argues that the claims are preempted by Section 301 of the LMRA to the extent they are based on the allegation that "Employees were required to work . . . during their unpaid meal periods."[1] (Opp'n, Docket No. 17 at 4; FAC, Docket No. 12 ¶ 33.) Statewide concedes that Garcia has not asserted a stand-alone meal period claim under California law, but nonetheless contends that the facts alleged regarding work during unpaid meal periods are improper attempts to

---

[1] Because Statewide does not dispute the applicability of section 301 preemption to any other claims, the Court need not only decide whether it applies to the factual allegation regarding work during an unpaid meal period.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
|---|---|---|---|

| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., |
|---|---|

"sneak in" a meal period allegation disguised as minimum wage and overtime claims. (Opp'n, Docket No. 17 at 5.) Since the California Labor Code meal period requirements in sections 512(a) and (b) do not apply to employees in a "construction occupation" who are under a CBA based on an exemption under section 512(e), Statewide contends that the allegation is instead grounded in the CBA itself. (Id.)

Garcia instead maintains that his claims arise entirely out of state law, not the CBA. (Mot., Docket No. 14 at 5.) Specifically, Garcia argues that since California law "gives workers a non-negotiable right to be paid for all hours worked," his claims for minimum wage and overtime work have "nothing to do with the CBA, and everything to do with [Statewide's] violations of California Law." (Id. at 5-6.) See, e.g., Cal. Lab. Code §§ 204, 204, 510; Cal Code Regs. §11160; see also, Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522-23 (9th Cir. 1995) (citing Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 407 (1988) ("The LMRA does not, however, preempt the application of a state law remedy when the 'factual inquiry [under the state law] does not turn on the meaning of any provision of a collective bargaining agreement.'") Garcia concedes that the CBA discusses meal periods during which employees worked; nonetheless, he contends that the CBA would not and could not contract around California's law that all workers cannot be forced to work off-the-clock and without pay.

The Court is persuaded that Garcia's asserted cause of action arises from state law, not the CBA under the first prong of the Burnside test. Statewide has conceded that there is no stand-alone meal period claim, and while they submit that this is an improper attempt to "sneak in" claims that do not relate to state law, they cite no case law to support that proposition. (Opp'n, Docket No. 17 at 4-7.) See Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002) (citing Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 691) ("[T]he plaintiff's claim is the touchstone for the preemption analysis, and 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim' to trigger preemption.").

As to the second prong, Garcia argues that the Court would at most need to reference the CBA to determine whether Labor Code § 512(e) applies to the claim,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., | | |

rather than interpret the CBA. (Reply, Docket No. 20 at 4.) See Livadas v. Bradshaw, 512 U.S. 107, 124 (1994) ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.")

Statewide instead contends that application of the exemption under California Labor Code § 512(e) requires interpretation of a CBA such that the resolution of the claim is "substantially dependent upon" the terms of the CBA. See Yet, Statewide merely quotes Article XVI, Section C of the CBA and indicates that it governs meal periods; they do not explain what specific language of the CBA requires interpretation. (Opp'n, Docket No. 17 at 3.) While Statewide cites case law indicating that courts may need to interpret CBAs in order to determine if the requirements are § 512(e) are met, it remains unclear what aspect of the CBA at issue in this case requires the court's interpretation. See Buck v. Cemex, Inc., No. 1:13-CV-00701-LJO, 2013 WL 4648579, at *6 (E.D. Cal. Aug. 29, 2013) "*[I]f* the CBA's provision for arbitration of meal break issues is final and binding, then California Labor Code § 512 exempts it from the nonnegotiable, non-waivable protections afforded by the statute. In that case, since the CBA makes specific and rather unique provision for meal breaks for drivers, the CBA must be consulted to determine if Defendants met its obligation to Plaintiff and to similarly situated drivers with regard to meal breaks. In that case it must be said that the terms of the CBA are inextricably intertwined' with the issue, Allis–Chalmers Corp., 471 U.S. at 213, i.e., that resolution of the issue is 'substantially dependent upon' the terms of the CBA, Burnside, 491 F.3d at 1059.") (emphasis added); Ayala v. Destination Shuttle Servs. LLC, No. CV136141GAFPJWX, 2013 WL 12092284, at *4 (C.D. Cal. Nov. 1, 2013) "[D]etermining whether Plaintiff is exempt from California statutory meal period requirements under § 512(e) will require analysis and interpretation of the CBAs, triggering § 301 preemption and federal question jurisdiction" when management had the right to determine schedules and break times, there was a bidding process for shifts and schedules, and the union offered input related to the scheduling process).

Raphael v. Tesoro Ref. & Mktg. Co. LLC, which indicates that the success of defendant's removal based on § 301 preemption can depend on the identification

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01668 JVS (JDEx) | Date | November 26, 2018 |
| Title | Dominik Garcia v. Statewide Traffic Safety and Signs, Inc. et al., | | |

of these issues requiring interpretation, is instructive. No. 2:15-CV-02862-ODW EX, 2015 WL 3970293, at *7 (C.D. Cal. June 30, 2015). The court in Tesoro emphasized that because defendant "has affirmatively presented the Court with a plethora of provisions in need of interpretation throughout the eight separate CBAs covering [plaintiff] and the aggrieved employees he seeks to represent . . . . [defendant] has demonstrated to the Court that simply looking to the CBAs will be insufficient to determine whether the CLC provisions apply. (Id.) This was in contrast to the holding in Vasserman, in which "there was no dispute regarding the terms of the CBA, a crucial aspect" such that interpretation of the CBA was not required (Id. citing Vasserman v. Henry Mayo Newhall Memorial Hospital, No. CV 14–06245 MMM PLAX, 2014 WL 6896033 (C.D. Cal. Dec.5, 2014).

In the absence of indication from Statewide what aspects of the CBA would require interpretation, as opposed to mere reference, the Court does not find that the second prong of the Burnside test is met such that preemption would apply. Because Statewide has not met its burden to show that removal is proper, the Court grants Garcia's motion to remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** Garcia's motion to remand.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |